## UNITED STATES ex rel. JUST v. SIMON, President Board of Education, et al.

### No. 5764.

Court of Appeals of the District of Columbia.
Argued Dec. 6, 1932.
Decided Jan. 3, 1933.

James S. Easby-Smith and Frank S. Easby-Smith, both of Washington, D. C., for appellant.

William W. Bride, Corp. Counsel, and F. H. Stephens, Asst. Corp. Counsel, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment in the Supreme Court of the District dismissing a petition for a writ of mandamus to compel the board of education to appoint appellant to the position of teacher of English in the colored senior high schools, effective as of March 10, 1931, or, in the alternative, to appoint her to the position of teacher in the colored junior high schools, effective as of April 14, 1930. The case was heard on the petition and answer.

On March 25, 1929, appellant (born May 5, 1885) successfully passed the examination for teacher in the colored senior high schools of the District, and in due course was placed on the eligible list. On the same day she took the written examination for teacher in the junior high schools. A few days later when she appeared to take the oral examination required of prospective junior high school teachers she was advised that she had successfully passed the examination for senior high school teachers. Thereupon she requested that her name be withdrawn from the examination for junior high school teachers. This was done, and she was never on the eligible list of teachers for the junior high schools.

In May, 1931, rumors reached the assistant superintendent of colored schools that a married teacher of English in a colored high school was pregnant. The teacher denied this, and her physician supported her in that denial, but on July 17, 1931, she resigned. On September 16, 1931, she gave birth to a child. The birth was premature by 21 days. Marriage does not render a teacher ineligible in the District. Under section 3 of chapter XI of the Rules of the Board of Education, when a married teacher has advanced to the fourth month of pregnancy she is required to request leave of absence, whereupon she is placed upon leave without pay until the child shall have reached the age of nine months. Such teacher is eligible for reinstatement, provided she gave the notice required by the rules, but, if she delayed the notice more than 45 days beyond the fourth month of pregnancy, she is ineligible for reinstatement.

In the present case the pregnant teacher performed the duties of her position until she resigned on July 17, 1931, and no vacancy occurred until that time. Therefore appellant's contention that a vacancy occurred when this teacher had passed the fourth month of pregnancy, which it is contended was on or about March 15, 1931, must be rejected.

Section 1 of chapter IX of the Rules of the Board of Education requires that every candidate for a license to teach "must submit satisfactory certified documentary evidence * * * that at the time of appointment he will not be over the age limit prescribed for his teachership as follows: All senior and junior high school teacherships, 45 years; all other teacherships, 40 years." Appellant was born on May 5, 1885. On March 15, 1931, when the vacancy is alleged to have occurred, she was in her forty-sixth year (1 Bl. Comm. 463; In Matter of Richardson, 2 Story, 571, 577, Fed. Cas. No. 11,777; Bardwell v. Purrington, 107 Mass. 419, 425), and for that reason ineligible. It is immaterial, therefore, whether the vacancy occurred on March 15 or on July 17, 1931.

The claim for appointment as teacher in the colored junior high schools is entirely without merit, as under the statement in the answer, which must be accepted here, appellant withdrew from the examination for junior high school teachers, and was never on the eligible list of such teachers.

Judgment affirmed.

Affirmed.